IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. MARIA I. REYES,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. DAVID PARKYN and NORTH PARK UNIVERSITY,<br><br>        Defendants. | Case No. 11 C 8585<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before this Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 23] and Plaintiff's Motion for Leave to File a Second Amended Complaint [Dkt. No. 32]. For the following reasons, the Defendants' Motion to Dismiss is denied without prejudice. The Plaintiff's Motion for Leave to File a Second Amended Complaint (the "SAC") is granted.

### I.  BACKGROUND

Plaintiff teaches at Defendant North Park University as an Associate Professor. She alleges racial and national-origin discrimination under Title VII and Section 1981 for denial of tenure in 2009. She had previously filed EEOC Complaints against the University, which were settled by agreement in 2008. Under that agreement, the University agreed that it would remove from her file and sequester in the president's office a disputed 2006 Faculty Personnel Committee report (the "2006 FPC Report")

assessing Reyes' skills.  The settlement also agreed that the University "will not use the (2006) FPC Report with regard to future employment decisions."  Reyes sues the University and several of its officers.  However, Reyes did not attach that agreement to her First Amended Complaint (the "FAC").

## II. **LEGAL STANDARD**

A court should construe *pro se* filings liberally and give a *pro se* plaintiff "ample opportunity to amend [her] complaint when it appears that by doing so, the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).  Leave to amend should not be granted "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment."  *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Forman v. Davis*, 371 U.S. 178, 183 (1962).

## III. **ANALYSIS**

The Court believes that Plaintiff's proposed Second Amended Complaint [Dkt. No. 32] would likely cure some deficiencies that Defendants' complain of in their Motion to Dismiss.  For example, Defendant's Motion to Dismiss noted that Plaintiff failed to attach the underlying Settlement Agreement, and that this justified

dismissal. *See Doe v. First Nat'l Bank of Chicago*, 865 F.2d 864, 872 (7th Cir. 1989).

Defendants also argued that Plaintiff's First Amended Complaint did not allege any facts establishing that Defendants breached the underlying contract by not removing her 2006 FPC Report from her file, nor did it allege that Defendants referred to the 2006 FPC Report when making the promotion decision that is the subject of this lawsuit.

Plaintiff's Seconded Amended Complaint specifically addressed both of these issues. Plaintiff attached a copy of the Settlement Agreement to her Second Amended Complaint. To show that Defendants referred to the 2006 FPC Report in violation of the Settlement Agreement, Plaintiff highlighted the following statement in the 2009 FPC Report that denied her tenure: "it is noted that the previous FPC report (06) held a similar pattern of issues within the student evaluations." Defendants speciously claim this still does not allege a breach of the agreement. The Court disagrees, and finds the SAC would allow Plaintiff to state a plausible claim for breach of contract.

There is another reason for allowing the SAC to be filed. Defendants seek to dismiss Plaintiff's Title VII counts on the basis that she did not claim discrimination on the basis of color in her original EEOC complaint. With neither Plaintiff nor Defendants attaching the EEOC charges to their filings regarding

the First Amended Complaint, the Court cannot decide that issue upon a motion to dismiss. With these EEOC charges now attached to the SAC, the Court may address that issue if it is resurrected in a new motion to dismiss. It will also allow the Court to more definitively address Defendants' Title VII arguments regarding 300-day timeliness issues.

## IV. CONCLUSION

The Defendants' Motion to Dismiss [Dkt. No. 23] is denied without prejudice. Plaintiff's Motion for Leave to file a Second Amended Complaint [Dkt. No. 32] is granted. Because Plaintiff attached her proposed Second Amended Complaint as part of her Response to Defendants' Motion to Dismiss, she is instructed to refile the Second Amended Complaint (along with all of the current attachments) as a stand-alone document so that it may be easily found on the docket. Plaintiff should refile the Second Amended Complaint within twenty-one (21) days of entry of this order.

The Court also notes that while the standard for repleading is liberal, it is not limitless, and Plaintiff should not necessarily expect future repleadings without an explanation of why any defects were not addressed in her Second Amended Complaint.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 08/23/2012